UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:05-CR-105 (VARLAN/GUYTON) |
| MALIK DEWAYNE HARDIN, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant Malik Hardin's Objections to the Report and Recommendation [Doc. 37]. Defendant has filed four timely objections to the Report and Recommendation (R&R) [Doc. 34] filed by Magistrate Judge H. Bruce Guyton on March 29, 2006, in which Judge Guyton recommended that the defendant's motion to suppress evidence [Doc. 18] be denied. The government has not responded to the defendant's objections and the time for doing so has passed. *See* L.R. 72.4(b).

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. The Court has carefully reviewed Judge Guyton's R&R, the defendant's objections, including a *pro se* objection filed by the defendant [Doc. 38], and the underlying pleadings [Docs. 18, 19, 20]. The Court notes that the record contains no transcript of the evidence presented before Judge Guyton at the March 17, 2006 suppression hearing, and therefore Judge Guyton's recitation of the evidence

and findings of fact will be taken as true and correct. For the reasons set forth herein, the Court will overrule the defendant's objections and the motion to suppress will be denied.

First, defendant objects to Judge Guyton's conclusion that the arresting officers had probable cause to enter the apartment and arrest the defendant. Specifically, the defendant objects to the conclusion that, although the arresting officer admittedly did not have probable cause to enter the apartment based solely on an informant's tip, the apartment manager's action in entering the apartment to determine if the defendant was present did provide the officers with probable cause. Defendant argues that the apartment manager's entry into the apartment was police action and therefore the issue of whether the officers had probable cause must be based on the informant's tip alone.

As noted in the R&R [Doc. 34 at p. 15, n.1], defendant raised this issue in his motion to reveal identity of informant and both Judge Guyton and this Court concluded that the apartment manager was not acting as an instrument or agent of law enforcement when he entered the apartment [*see* Doc. 30 at pp. 10-11; Doc. 39 at pp. 2-3]. For the reasons previously stated, the Court again agrees that the apartment manager had an independent business duty to enter the apartment and confirm whether the defendant was in the apartment. This objection will be overruled.

The defendant's second objection is to Judge Guyton's conclusion that no constitutional violation occurred despite the fact that the arresting officer did not comply with the "knock and announce" rule. Similarly, the defendant objects to the finding that he had

2

previously used a weapon when confronted by law enforcement personnel on the grounds that there is no evidence of any such shootout with police.

As set forth in the R&R, Officer Kingsbury testified that he was familiar with the defendant's criminal history, which included prior offenses involving firearms and shootings. Kingsbury testified that he relayed the defendant's criminal history to the apartment manager and that this history included a shoot out with police officers approximately ten (10) years earlier and a robbery spree. The R&R also reflects that Kingsbury requested the assistance of uniformed officers to ensure the safety of everyone involved and that he made a plan for a four-person team to enter the apartment based on concerns that the defendant would be armed based on his criminal history. Even assuming, *arguendo*, that defendant was never involved in a shoot out with police, Kingsbury testified that he was familiar with the defendant's criminal history and that history included offenses involving firearms and violence. Thus, based on his criminal history, Kingsbury and the other officers had a reasonable basis to suspect that the defendant might be armed and pose a threat to their safety. *See United States v. Smith*, 386 F.3d 753, 760 (6th Cir. 2004) (citing *United States v. Bates*, 84 F.3d 790, 795 (6th Cir. 1996)); *United States v. Nabors*, 901 F.2d 1351, 1354 (6th Cir.), *cert. denied*, 498 U.S. 871 (1990). The Court agrees with Judge Guyton's conclusion that the unannounced entry into the apartment to execute an arrest warrant was reasonable and lawful. This objection will be overruled.

The defendant's third objection is to Judge Guyton's conclusion that the *Chimel* search incident to his arrest was constitutionally conducted and that the gun under the couch

cushion and the drugs on defendant's person were legally seized. The Court disagrees. As noted by Judge Guyton, a search incident to an arrest may include not only the defendant's person, but also the area from within which the defendant might have obtained a weapon. *Chimel v. California*, 395 U.S. 752, 763 (1969). Thus, Officer Tarwarter's search of the defendant's person incident to arrest was lawful. Officer Kingsbury testified that he looked for weapons in the immediate vicinity of where the defendant was found while officer Tarwarter took down the defendant. Kingsbury testified that he flipped up cushions on the couch and love seat where the defendant had been sitting and found a firearm. He further testified that the firearm was within arm's reach of the defendant as the officers entered the apartment. Kingsbury's search of the area where the defendant was found was reasonable and lawful. This objection will be overruled.

The defendant's final objection is to Judge Guyton's conclusion that the protective sweep of the apartment was constitutionally conducted and the guns found in a shoe box under the bed were legally seized. A protective sweep of a dwelling is permissible to protect the safety of the arresting police officers. *Maryland v. Buie*, 494 U.S. 325, 334 (1990). The government presented evidence that the apartment was leased to another individual and the officers did not know whether another person was in the apartment with the defendant. Officer Turner testified that he conducted a protective sweep of the apartment to ensure that no one else was in another room of the apartment. He testified that in the second bedroom, he observed a bed with a bed skirt and it appeared as though someone might be hiding under the bed. When he looked under the bed, he saw an open box with two handguns in it. The

4

firearms, then in plain view, were lawfully seized. *United States v. Wickizer*, 633 F.2d 900, 902 (6th Cir. 1980), *cert. denied*, 450 U.S. 935 (1981). The Court agrees with Judge Guyton that Officer Turner's protective sweep of the apartment to discover other persons was lawful and the seizure of the weapons found in plain view was lawful. This objection will be overruled.

For the reasons set forth herein, the defendant's objections to Judge Guyton's R&R [Doc. 37] are **OVERRULED**, the R&R is accepted in whole and the defendant's motion to suppress evidence [Doc. 18] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE