UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CR-105-TAV-HBG |
| ) | |
| MALIK D. HARDIN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This criminal case is before the Court upon remand by the Court of Appeals for the Sixth Circuit [Doc. 87] and for consideration of the Report and Recommendation, entered by United States Magistrate Judge H. Bruce Guyton on December 5, 2014 (the "R&R") [Doc. 99]. The defendant filed objections to the R&R [Doc. 100], and the government responded [Doc. 102].

**I.    Standard of Review**

The Court reviews *de novo* those portions of the R&R to which the defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court considers the motion to return property and related filings, all in light of the applicable law.

**II.    Analysis**

In the R&R, Magistrate Judge Guyton recommends that the defendant's motion for the return of $2,884 in United States currency seized from him at the time of his arrest in

August 2005 for a supervised release violation should be denied. He finds that the government did not seize the defendant's money, but was arguably in constructive possession of the money. As such, the government was required to provide the defendant with notice of the forfeiture. Magistrate Judge Guyton found that the defendant received notice through the discovery process and through the receipt of the Order of Delegation of Forfeiture; therefore, he found the defendant had an "adequate legal remedy for the return of the currency in the State forfeiture proceedings."

The defendant makes several objections. First, the defendant objects to the magistrate judge allowing the government "another opportunity to perfect a record it left baren [sic] prior to Defendant's appeal to the Sixth Circuit Court of Appeals" [Doc. 100 p.1]. But the Sixth Circuit remanded this case for specific factual findings, concluding that the failure to take evidence or hold a hearing on the motion was an abuse of discretion. Thus, the Court overrules this objection.

Second, the defendant asserts that the magistrate judge misapprehended his argument that the government had full custody of the money at the time it was seized, and he objects to the finding that the United States did not seize the money. The Court overrules these objections as well. The magistrate judge considered all of the evidence, and upon review, this Court agrees that the magistrate judge properly determined the money was seized by the Knoxville Police Department and that the United States did not have custody of the defendant's money.

Third, the defendant asserts that the magistrate judge incorrectly found that the defendant received actual notice of the impending forfeiture and thus had an adequate legal remedy for the return of the currency. But as the magistrate judge determined, while the notice of property seizure and forfeiture was not personally served upon the defendant, the defendant did receive notice through the discovery process with his attorney. And the defendant did receive a copy of the state's order of forfeiture, which was mailed to him at his place of incarceration. Thus, this objection is overruled.

Finally, the defendant objects to the magistrate judge's recommendation of other remedies to the extent the Court disagrees that the defendant had notice of the state forfeiture proceedings and failed to act to preserve the property. The Court finds this objection moot, as the Court is in agreement with the magistrate judge.

### III. Conclusion

After a careful review of the R&R, the Court is in agreement with Magistrate Judge Guyton's analysis and recommendations, which the Court adopts and incorporates into its ruling. Thus, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 99] and hereby **DENIES** defendant's motion [Doc. 81].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:05-cr-00105-TAV-HBG   Document 103   Filed 04/21/15   Page 3 of 3   PageID #: 411